IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-61-296-05, 06, 07, 08






EX PARTE DANIEL SANCHEZ, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


 CAUSE NOS. 03-03-0086, 0088, 0089-CRA IN THE 218th JUDICIAL DISTRICT 
 COURT FROM ATASCOSA COUNTY 

 CAUSE NO. 03-05-0153-CRA IN THE 81st JUDICIAL DISTRICT COURT 

FROM ATASCOSA COUNTY



 

 Per Curiam.


 O R D E R



 These are applications for writs of habeas corpus which were transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offenses of two aggravated assaults with a deadly weapon on a public servant,
possession of a controlled substance with intent to deliver, and evading arrest. The
punishment was assessed at sixty years, sixty years, sixty years, and fifteen years
confinement, respectively. Applicant's convictions were dismissed for want of jurisdiction.
Sanchez v. State Nos. 04-04-00602, 603, 604, 605 - CR (Tex. App. --San Antonio,
delivered October 27, 2004, no pet.).

 Applicant contends that he was deprived of his meaningful right to appeal his
convictions due to the ineffective assistance of his counsel. Specifically, the Applicant
contends that he asked counsel to appeal his convictions, and counsel then failed to timely
file notices of appeal.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from counsel, or it may order a hearing. In the appropriate
case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Tex.
Code Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court should make findings of
fact as to whether the Applicant has been deprived of his right to appeal his convictions due
to the ineffective assistance of his counsel. The trial court should also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), these applications for post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 14 DAY OF December, 2005.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.